IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERI CLONINGER, *Individually and as Representative of the Estate of Barry Cloninger*, and <br> ASHLEY BRIMER*, Individually* <br><br> Plaintiff, <br><br> vs. <br><br> BILL MARCONI, *Individually and as Sheriff's Deputy for Madison County*, and MADISON COUNTY <br><br> Defendants. | Case No. 14-cv-103-SMY-PMF |

MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion to Dismiss the First Amended Complaint (Doc. 18). The First Amended Complaint alleges that on or about January 4, 2013, Barry Cloninger was shot and killed by Madison County Sheriff Deputy Bill Marconi. Deputy Marconi was responding to a call at 7111 State Route 140 in Edwardsville, Illinois and was wearing his official Madison County Sheriff Department uniform when he responded to the call. When he arrived at 7111 State Route 140, he noticed that there were footprints leading in the general direction of the decedent's residence. Deputy Marconi followed the footprints onto the decedent's property and encountered the decedent.

The Amended Complaint alleges that Deputy Marconi did not have probable cause to enter onto the property and further alleges that there was no probable cause to suspect the decedent of any criminal activity. While on the decedent's property, Deputy Marconi fired his service weapon on the decedent several times, resulting in the death of the decedent. The Amended Complaint further alleges that these actions violated the decedent's civil rights,

including, but not limited to, his Fourth and Fourteenth Amendment rights and similar provisions of the Illinois Constitution.

The Amended Complaint also alleges that Madison County is liable for torts committed by Deputy Marconi under the doctrine of respondeat superior because of a lack of policies, customs, and practices issued by the Sheriff requiring deputies to identify themselves when on private property. Further, the Amended Complaint alleges that Madison County is liable for lack of training of Deputy Marconi.

The Defendants have filed a Motion to Dismiss (Doc. 21). They argue that Count I should be dismissed because Plaintiffs do not identify the specific constitutional rights in the Fourth and Fourteenth Amendment, Section 1983, or the Illinois Constitution that were allegedly violated with the support of facts that plausibly suggest that they are entitled to relief. The Defendants argue further that they are not required to "piece together the covert facts of Plaintiffs' Complaint to surmise the legal foundation of Plaintiffs' Complaint or which actions allegedly taken by Deputy Marconi support their claim." Regarding Count II, Defendants argue that the circumstances alleged do not plausibly support liability of Madison County under Section 1983, that Plaintiffs have not sufficiently pled that Madison County maintained an intentional policy or practice of failing to establish policies or training for its deputies, and that the state law claims against Madison County are barred by the Local Governmental and Governmental Employees Tort Immunity Act.

Courts are reluctant to dismiss a case on technical grounds and prefer to decide cases on their merits. *Foman v. Davis*, 371 U.S. 178, 181 (1962). All of the well-pleaded factual allegations contained in the amended complaint must be taken as true and construed in a light most favorable to the plaintiff. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249 (1989).

Dismissal for failure to state a claim is properly granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). Rule 8 does not require plaintiffs to plead the "elements" of legal theories, or facts corresponding to each element. See *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510-11 (2002); *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1077–78 (7th Cir.1992). Therefore, when federal courts entertain claims under state law, it is not necessary to plead facts matching elements of legal theories. See *Hefferman v. Bass*, 467 F.3d 596, 599 (7th Cir.2006); *AXA Corporate Solutions v. Underwriters Reinsurance Corp.*, 347 F.3d 272, 277 (7th Cir.2003). Although the complaint might not contain all of the facts that would be necessary to prove a claim, "a filing under Rule 8 is not supposed to do that." *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir.2003). Instead, the Complaint "should be 'short and plain' and suffices if it notifies the defendant of the principal events." *Id*. (quoting Fed.R.Civ.P. 8(a)(2)).

Regarding Count I, It is evident from the Complaint that the rights alleged to have been violated are the Fourth Amendment right to be free from unreasonable search and seizure and the extension of the application of this Right through the Fourteenth Amendment. Taking the allegations in the Complaint as true, Plaintiff has sufficiently pled a violation of these rights by alleging and providing facts that there was an act under color of law, that the act constituted a seizure, and that the act was unreasonable.

As a general rule, a government employee who acts in his official capacity or exercises his responsibilities pursuant to state law acts under color of state law. *West v. Atkins*, 487 U.S. 42, 50 (1988). A police officer's acts are not under color of law unless they are related to the performance of police duties. *Gibson v. Chicago*, 910 F.2d 1510, 1516–19 (7th Cir. 1990). The essential inquiry is whether the defendant's actions related in some way to the performance of a

3

police duty. *Id.* at 1517. Based on the liberal pleading standard followed in federal court and the allegations contained in the Amended Complaint, Plaintiffs have sufficiently alleged that Defendant Marconi was acting under color of state law at the time he encountered the Decedent.

A person is seized for Fourth Amendment purposes when, from all of the circumstances surrounding the incident, a reasonable person in the situation would believe he or she was not free to leave; to demonstrate seizure, individuals must show that they were touched by the police or that they yielded to a show of authority, and the governmental termination of freedom of movement must be intentional. *Belcher v. Norton*, 497 F.3d 742, 748 (7th Cir.2007). Plaintiffs have sufficiently alleged that a seizure of the Decedent occurred.

Finally, a claim that law-enforcement officers used excessive force is governed by the Fourth Amendment's "reasonableness" standard. See *Graham v. Connor*, 490 U.S. 386 (1989); *Tennessee v. Garner*, 471 U.S. 1 (1985). Determining the objective reasonableness of a particular seizure under the Fourth Amendment "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." 490 U.S., at 396. The inquiry requires analyzing the totality of the circumstances. *Id*. This is analyzed from the perspective "of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id*. In taking the allegations in the Amended Complaint as true, the Plaintiffs have sufficiently pled this aspect of their claim, as well. Therefore, the Court denies the Defendants' Motion to Dismiss as to Count I of the Amended Complaint.

Count II is alleged against Madison County under a respondeat superior theory. However, it is well established that a municipality cannot be held liable under Section 1983 on a respondeat superior theory. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658,

691 (1978). If the action that is alleged to be unconstitutional implements a policy officially adopted by the county's officers, the county may be liable. *Id*. Additionally, local governments may be sued for constitutional violations that occur pursuant to a governmental "custom" even though that custom has not been formally adopted. *Id*. There must be a causal link between the policy or custom and the alleged constitutional violation, and there must also be a showing that the municipality acted with "deliberate indifference" to the consequences of its actions. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 388 (1989). "[o]ne incident of unconstitutional conduct does not show that a city has a policy of encouraging police officers to engage in unconstitutional acts." *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir. 1985) (quoting *Tritsis v. Officer Owsley*, No. 83 C 1264, slip op. at 4 (N.D.Ill. June 13, 1983).

In this case, the allegations of the Amended Complaint do not sufficiently allege a policy or custom for which Madison County may be held liable. Only one incident is alleged, and one isolated incident, without more, cannot support Plaintiffs' claim. Further, there are no specific allegations as to which policies or customs led to the alleged violation other than general allegations regarding lack of training and lack of a policy requiring a deputy to identify himself on private property. None of the allegations relate these policies to the alleged violation that occurred. Accordingly, the Court grants the Defendants' Motion to Dismiss as to Count II of the Amended Complaint.

For the foregoing reasons, the Defendant's Motion to Dismiss the First Amended Complaint is **DENIED** as to Count I and **GRANTED** as to Count II.

IT IS SO ORDERED.

DATED: November 19, 2014        /s/ Staci M. Yandle
                                STACI M. YANDLE
                                DISTRICT JUDGE

5